UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALFRETH EDUARDO ALDANA-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-01084-DAD-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner was released by the Department of Homeland Security premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  While on release, petitioner did not commit any crimes, materially complied with conditions of release and petitioner is not subject to a final order of removal. Considering all of these factors, and consistent with the Court's rulings in F.S.S.M. v. Wofford, No. 1:25-cv-01518-TLN-AC, 2025 WL 3526671 at *4-5 (E.D. Cal. Dec. 9, 2025); Gutierrez v. Chesnut, No. 1:25-CV-01515-DAD-AC (HC), 2025 WL 3514495 (E.D. Cal. Dec. 8, 2025) and R.D.T.M. v. Wofford, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *4 (E.D. Cal. Sept. 18, 2025) ("R.D.T.M. II"), the court finds that petitioner's Fifth Amendment right to procedural

1

due process was violated by his redetention without a pre-deprivation hearing.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on both count one and count two.

2. Respondents be required to immediately release petitioner and to not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. At the time of release, respondents be required to return all of petitioner's documents and possessions.

4. If the government seeks to redetain petitioner, they must comply with constitutional protections and the Trafficking Victims Protection Reauthoirzation Act of 2008, including notice and a pre-deprivation hearing before a neutral decisionmaker where placement in the least restrictive setting available is considered after taking into account petitioner's danger to self, danger to the community, and risk of flight.  See 8 U.S.C. § 1232(c)(2)(B).

5. Respondents be directed to file a notice of compliance with the provisions of any order entered in this case.

6. The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

/////

Dated: February 26, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE